IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABC IP, LLC and <br> Rare Breed Triggers, Inc., <br>                Plaintiff, <br> v. <br><br> Z3 Productions, LLC <br> d/b/a Z3 PRO <br>                Defendant. | Case No. **5:25-cv-00695-G** |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:   Wednesday, October 29, 2025, at 10:40 AM

Appearing for Plaintiff:  Glenn D. Bellamy

Appearing for Defendant: John M. Skeriotis

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    The causes of action in this case are patent infringement. The elements of the cause(s) of action are that the defendant(s) made, used, sold, offered for sale, or imported items that meet the limitations of at least one claim of at least one of the asserted patents, or contributorily infringed or induced infringement of at least one claim of at least one of the asserted patents.

    The defenses in this case are non-infringement and invalidity, including lack of novelty and obviousness, lack of written description or enablement, indefiniteness, improper inventorship, failure to patent mark, and its counterclaims for inequitable conduct.

2. **JURISDICTION**.   State the basis on which the jurisdiction of the Court is

1

invoked and any presently known objections.

Per the Complaint and Answer, jurisdiction, both personal and subject matter, have been admitted.

Per the counterclaim, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and Title 35 of the U.S. Code. Personal jurisdiction should be admitted.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

The Parties do not yet have a list of stipulated facts.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>: for infringement, ABC seeks lost royalties and Rare Breed Triggers seeks lost profits. Plaintiffs assert the infringement was willful, justifying finding of an exceptional case and award of treble damages and attorneys' fees.

   b. <u>Defendant</u>: for its counterclaims, Defendant seeks a declaration that the claims are invalid, its attorneys' fees and any further award the Court deems reasonable.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
　　　　　　☐ Yes　　**X** No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

No motions are pending.

Plaintiff states that no specific motions are contemplated by it, although one or more motions for summary judgment may become appropriate after discovery.

Defendant will be filing a Motion for Multi-District Litigation and, as such, it will

seek a stay of this case. Defendant will also be filing either an *Inter Partes* Review or an *Ex Parte* Reexamination of the patent-at-issue in this litigation and will seek a stay of this case pending the outcome of the IPR or the *Ex Parte* Reexamination. Defendant also wishes to note that an IPR has already been filed by a third-party and, if/when instituted, Defendant may seek a stay of this case pending the outcome of that IPR.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  **X** Yes   ☐ No

    If "no," by what date will they be made? _____

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on October 22, 2025.

    B. The parties anticipate that discovery should be completed within 12 months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Six months.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        **X** Yes   ☐ No

    E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        **X** Yes   ☐ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

3

N/A

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

This is a patent infringement case, so a claims construction proceeding, including identification of disputed claim terms, briefing, and a hearing will be needed.

9. **ESTIMATED TRIAL TIME**: 8-10 days

10. **BIFURCATION REQUESTED**: □ Yes    □ No

Plaintiff does not request bifurcation.

Defendant will be filing a Motion for Multi-District Litigation and, as such, it will seek a stay of this case. Defendant will also be filing either an *Inter Partes* Review or an *Ex Parte* Reexamination of the patent-at-issue in this litigation and will seek a stay of this case pending the outcome of the IPR or the *Ex Parte* Reexamination. Defendant also wishes to note that an IPR has already been filed by a third-party and, if/when instituted, Defendant may seek a stay of this case pending the outcome of that IPR.

11. **POSSIBILITY OF SETTLEMENT**:   □ Good   **X** Fair   □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  □ Yes  **X** No

   B. The parties request that this case be referred to the following ADR process:

   □ Court-Ordered Mediation subject to LCvR 16.3
   □ Judicial Settlement Conference
   □ Other _____
   **X** None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge?</u>   ☐ Yes   **X** No

14. <u>Type of Scheduling Order Requested</u>.   Standard  -  X Specialized   (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

The Parties will propose a schedule for claims construction procedure.

Submitted this 22nd day of October.

*s/ Glenn D. Bellamy*
Counsel for Plaintiff


*s/John M. Skeriotis*
Counsel for Defendant